AARON M. CLEFTON (SBN 318680)
REIN & CLEFTON, Attorneys at Law
1423 Broadway #1133
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
ROBERT STILL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STILL,<br><br>  Plaintiff,<br><br>v.<br><br>JBR AUTOMOTIVE, INC. dba CHEVROLET OF PUENTE HILLS,<br><br>  Defendant. | CASE NO. 2:24-cv-8423<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>2. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>3. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br><u>DEMAND FOR JURY TRIAL</u> |

1. **PREFETORY STATEMENT:** This is Plaintiff's first and only Americans with Disabilities Act ("ADA") lawsuit. Plaintiff's law firm is not a high frequency litigation firm, filing approximately 8 cases this year to date in this District, representing many different disabled plaintiffs, none of whom are high frequency litigants. Plaintiff ROBERT STILL complains of Defendant JBR AUTOMOTIVE, INC. dba CHEVROLET OF PUENTE HILLS and each of them, and alleges as follows:

2. **INTRODUCTION:** On August 26, 2024, Plaintiff, a combat veteran

1

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  who uses crutches for mobility due to an above the knee left leg amputation
2  stemming from war injuries, and his friend, Dennis, went to the Chevrolet of Puente
3  Hills dealership located at 17300 Gale Ave, City of Industry, California 91748, to
4  look at used vehicles for Plaintiff's friend to buy.  Plaintiff is a mechanic by trade,
5  and he agreed to accompany his friend while he was shopping for a vehicle to
6  provide his assessment of the vehicle and to potentially co-sign a loan for his friend
7  if he decided to purchase of vehicle. One of the lots at Defendant's dealership,
8  where several trucks for sale were parked, was on top of a roof. The lot only had
9  stairs leading to it. Although Plaintiff can climb stairs with difficulty, Defendant did
10 not allow him to do so to look at the cars in the rooftop lot as a matter of policy.
11 Plaintiff's non-disabled friend was invited to do just that. Furthermore, all
12 Plaintiff's requests for reasonable accommodation were denied, including asking
13 that Defendant merely drive him to the lot, or allow him to drive to the lot himself,
14 or provide a golf cart to transport him. Defendant apparently has a policy of not
15 allowing disabled individuals to even attempt to access and view the vehicles for
16 sale in the upper lot.

17        3.      Congress explicitly found overprotective, condescending policies such
18 as this one discriminatory under the ADA:

> ***individuals with disabilities continually encounter various forms of discrimination**, including **outright intentional exclusion**,* the discriminatory effects of architectural, transportation, and communication barriers, ***overprotective rules and policies**, **failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation**, **and relegation to lesser services***, programs, activities, benefits, jobs, or other opportunities;

24 42 USC § 12101(a)(5) (emphasis added).  Defendant's intentional, exclusionary,
25 and condescending practice and policy is precisely the type of discrimination that
26 the ADA was intended to stop.  It shocked and embarrassed Plaintiff who should
27 never have been subjected to such humiliation.
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1        4.      Plaintiff choosing for himself whether he is able to climb stairs
2   is well within Plaintiff's rights under the ADA.  28 C.F.R §§ 36.202 and
3   36.203.  Defendant refused to allow Plaintiff to climb the stairs to the upper
4   lot and refused to provide him with any other means or accommodation so
5   that he could get to the upper lot.
6        5.      Both federal and California laws prohibit discrimination on the basis
7   of "sex, race, color, religion, ancestry, national origin, disability, medical condition,
8   genetic information, marital status, sexual orientation, citizenship, primary
9   language, or immigration status" which "includes a perception that the person has
10  any particular characteristic or characteristics within the listed categories, or is
11  perceived to have, any particular characteristic or characteristics within the listed
12  categories." Cal. Civ. C. § 51(e)(6).  Further, "all persons within the jurisdiction of
13  this state are free and equal, and no matter what their sex, race, color, religion,
14  ancestry, national origin, disability…are entitled to the full and equal
15  accommodations, advantages, facilities, privileges, or services in all business
16  establishments of every kind whatsoever." Cal. Civ. C. § 51(b).  "A violation of the
17  right of any individual under the federal Americans with Disabilities Act of 1990
18  (Public Law 101-336) shall also constitute a violation of this section." Cal. Civ. C.
19  § 51(f).  "It shall be discriminatory to subject an individual or class of
20  individuals on the basis of a disability or disabilities of such individual or class,
21  directly, or through contractual, licensing, or other arrangements, to a denial of the
22  opportunity of the individual or class to participate in or benefit from the goods,
23  services, facilities, privileges, advantages, or accommodations of an entity." 42
24  U.S.C. § 12182(a)(1)(A)(i).  Among the "enumerated" public accommodations are
25  "any sales or rental establishment." 42 U.S.C. § 12181(7)(E).
26       6.      Plaintiff seeks injunctive relief to require Defendant to enact policies
27  and procedures so that any disabled person who attempts to patronize the subject
28  Dealership will be provided the same benefits from the policies and procedures
3

1  afforded to able-bodied persons, and reasonably accommodating treatment no
2  matter what their disability is.  Plaintiff also seeks recovery of damages for his
3  discriminatory experiences and denial of access and of his civil rights.  Such
4  damages are continuing based on Plaintiff being deterred from returning as a result
5  of Defendant' conduct and policies.  Plaintiff also seeks recovery of reasonable
6  statutory attorney fees, litigation expenses and costs, under federal and state law for
7  enforcement of the ADA and state accessibility laws.

8        7.  **JURISDICTION:** This Court has jurisdiction of this action pursuant
9  to 28 U.S.C. section 1331 for violations of the Americans with Disabilities Act of
10 1990.  28 U.S.C. § 1331; 42 USC §§ 12101 *et seq*.  Pursuant to pendant
11 jurisdiction, Plaintiff brings attendant and related causes of action arising from the
12 same facts under California law.  California Civil Code §§ 51, 52, 54, 54.1, and
13 54.3.

14       8.  **VENUE:**  Venue is proper in this court pursuant, founded on the fact
15 that the real property which is the subject of this action is located in this district and
16 that Plaintiff's causes of action arose in this district. 28 U.S.C. § 1391(b).

17       9.  **INTRADISTRICT:**  This case should be assigned to the Western
18 Division as the real property which is the subject of this action is located in this
19 intradistrict and Plaintiff's causes of action arose in this intradistrict.

20       10.  **PARTIES:** Plaintiff Robert Still is a "qualified" physically disabled
21 person.  He is a combat veteran who was injured during Desert Storm.  His combat
22 injury ultimately led to his left leg being amputated above the knee.  Plaintiff uses
23 crutches for ambulation.  Although he is substantially limited in the major life
24 activity of walking, Plaintiff prides himself on being independent and active.  In his
25 view, he can do more things than many individuals with two legs, including driving
26 a manual transmission car.

27       11.  Defendant JBR AUTOMOTIVE, INC. dba CHEVROLET OF
28 PUENTE HILLS is and was at all times relevant to this complaint, the owner,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

operator, lessor, and/or lessee of the business, property, buildings, and/or portions thereof located at 17300 Gale Ave, City of Industry, California 91748, and known as the Chevrolet of Puente Hills dealership. The Dealership is a "public accommodation and business establishment" subject to the requirements of the Americans with Disabilities Act of 1990 and the California Civil Code. 42 USC § 301(7); Cal Civ. C. §§ 51 *et seq.*, and §§ 54 *et seq*.

12. This action is based on discriminatory *policies* of Defendant and is not based on any construction or architectural barrier:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

13. **FACTUAL STATEMENT**: In August of 2024, a friend of Plaintiff's told him that he was in the market for a used Chevy truck. Since Plaintiff is a mechanic by trade, his friend asked him if he would be willing to assist him in his search for a vehicle and to examine ones that Plaintiff's friend took an interest in. Specifically, Plaintiff's friend wanted Plaintiff's opinion on whether a vehicle was mechanically sound before he purchased the vehicle. Further, Plaintiff had agreed to consider co-signing on the vehicle loan if his friend needed him to, so it was very important to Plaintiff that the vehicle his friend purchased was in good condition.

14. On August 26, 2024, Plaintiff, who uses crutches for mobility due to an above the knee left leg amputation from the Iraq war, and his friend, Dennis, went to the Chevrolet of Puente Hills dealership located at 17300 Gale Ave, City of Industry, California 91748, to look at used vehicles for Plaintiff's friend to buy. Plaintiff drove himself and his friend to the dealership in his own vehicle.

15. When Plaintiff and his friend arrived at the Chevrolet Dealership, a salesman began showing them used trucks on the lot, but there did not appear to be many used trucks available for sale. Defendant's salesman mentioned that many of

the trucks were located in a sales lot that was on the roof of the building. Plaintiff and his friend said that they would like to look at those vehicles. However, Defendant's salesman informed them that the rooftop lot is only accessible by climbing stairs. Defendant's salesman invited Plaintiff's friend to view the vehicles in the upper lot, but he told Plaintiff that he would not be able to join them due to the stairs. Plaintiff was taken aback since he is able to climb stair, albeit with difficulty, but Defendant's salesman refused to give him the option of climbing the stairs. Defendant apparently has a policy of not allowing disabled individuals to even attempt to access and view the vehicles for sale in the upper lot.

16. Next, Plaintiff asked if Defendant had a golf cart or other vehicle that they could use to transport him to the upper lot. Defendant's salesman said no. Plaintiff then asked if he could drive himself up to the upper lot in his own vehicle, but again Defendant's salesman said no. Defendant's salesman told Plaintiff that he would have to wait on the lower level while his friend went to the upper lot to view the vehicles. Defendant's salesman told Plaintiff that if his friend was interested in a vehicle, they would drive it down from the roof for him to view it. Then, Defendant's salesman told Plaintiff to wait in a certain area and took Plaintiff's friend away, presumably up the stairs to the upper lot. Plaintiff felt as if Defendant's employee was trying to conceal the location of the stairs from him, adding to his humiliation.

17. At this point Plaintiff felt frustrated, embarrassed, and as if he was being treated like a child or second-class citizen because Defendant was choosing what he could and could not do. Further, he felt unable to assist his friend in choosing the right vehicle for him because he was unable to view the inventory at the Dealership in an efficient manner. Specifically, looking at one truck at a time as each had to be driven back and forth was too time consuming and not the experience of non-disabled customers. The whole reason he was there was to provide his friend with the benefit of his mechanical knowledge and now Defendant

6

was refusing to allow him to do that because of his disability. Plaintiff ended up going back to his vehicle upset and feeling defeated. Defendant's salesman drove one vehicle down from the upper lot with Plaintiff's friend riding in the passenger seat, but Plaintiff was too upset to even look at the vehicle. He told his friend that he was ready to leave the dealership, and they did.

18. Defendant decided for Plaintiff against his objections, as if he was a child that is unable to climb stairs, the apotheosis of an ADA violation. Moreover, Defendant refused to even drive him to the top floor, which could easily have been done as alternative method of equal access compared to installing an elevator or chair lift, for example.

19. Despite his physical limitations, Plaintiff is capable of navigating stairs when necessary. Defendant refused to engage with Plaintiff about his physical capabilities and refused to provide him with any accommodation so that he could get to the upper lot of the Dealership. It would have been very easy for Defendant to provide a golf cart shuttle to the upper lot, drive Plaintiff in one of the many available vehicles at the car dealership or allow Plaintiff to drive his own vehicle to the upper lot. Instead, Defendant refused to engage with Plaintiff about whether he could navigate the stairs based on Defendant's preconceived ideas about what disabled persons need and refused to engage with Plaintiff regarding other potential accommodations that would allow him to get to the upper lot of the Dealership.

20. All policy barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when he returns to the premises unless these policy barriers are changes.

21. Plaintiff wishes to return to the Chevrolet of Puente Hills Dealership to look at the inventory and assist his friend in buying a vehicle. Additionally, Plaintiff restores and collects cars, and he frequents car dealerships, including the instant Dealership, looking for vehicles and parts. However, Plaintiff will only

7
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

return to the Chevrolet of Puente Hills Dealership *after* Defendant has implemented proper training of its staff and/or remediated the physical barriers. Plaintiff is deterred from returning to the dealership until these policies and training are in place.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §§ 12101 *et seq*

22. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint and incorporates them herein as if separately re-pleaded.

23. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

24. Plaintiff is qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

25. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

26. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "sales or rental establishment." 42 USC § 12181(7)(E).

27. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure

9

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 that no individual with a disability is excluded, denied service, segregated, or
2 otherwise treated differently than other individuals because of the absence of
3 auxiliary aids and services...;"
4 § 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier
5 under clause (iv) is not readily achievable, a failure to make such goods, services,
6 facilities, privileges, advantages, or accommodations available through alternative
7 methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

28. The removal of each of the policy barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of §§ 12181 and 12182 of the ADA. As noted hereinbelow, removal of each and every one of the policy barriers complained of herein was already required under California law. A change from allowing managers or employees to communicate or enforce discriminatory policies directly is itself readily achievable. Further, providing a golf cart, shuttle, or otherwise allowing disabled individuals to be transported in a vehicle to the upper lot, which already has a vehicular exit and entrance, is a readily achievable policy change to make. In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per § 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through "alternative" methods that were "readily achievable."

29. On information and belief, as of the date of Plaintiff's encounter at the premises and as of the filing of this Complaint, Defendant's actions and policies have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons which violates Plaintiff's rights to full and equal access and which discriminates against Plaintiff, thus wrongfully denying to Plaintiff the

1 full and equal enjoyment of the goods, services, facilities, privileges, advantages
2 and accommodations available to other patrons, in violation of 42 U.S.C. §§ 12182
3 and 12183 of the ADA.

4   30.   On information and belief, as of the date of Plaintiff's efforts to
5 patronize the Dealership, and as of the filing of this Complaint, the premises have
6 denied and continue to deny full and equal access to Plaintiff, which will continue
7 to violate Plaintiff's rights to full and equal access by deterring Plaintiff from
8 patronizing this Dealership, and which discriminated and continues to discriminate
9 against persons with disabilities, thus wrongfully denying to Plaintiff the full and
10 equal enjoyment of Defendant's goods, services, facilities, privileges, advantages
11 and accommodations, in violation of the ADA.  42 U.S.C. § 12182.

12   31.   Plaintiff alleges that he intends to return to patronize this Dealership
13 once all policy barriers are removed.  Pursuant to the Americans with Disabilities
14 Act, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set
15 forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff
16 is being subjected to discrimination on the basis of his disabilities in violation of
17 §§ 12182 and 12183.  On information and belief, Defendant has continued to
18 violate the law and deny the rights of Plaintiff and other disabled persons to "full
19 and equal" access to this public accommodation since on or before Plaintiff
20 encounters, as previously noted.  Pursuant to § 12188(a)(2),

> In cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title. [Emphasis added.]

25   32.   Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the
26 Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal
27 Regulations adopted to implement the Americans with Disabilities Act of 1990.
28 Plaintiff is a qualified disabled persons for purposes of § 12188(a) of the ADA who

11
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

are being subjected to discrimination on the basis of disability in violation of Title III and who have reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize the Dealership, in light of Defendant's policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CAUSE OF ACTION:
## VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)

33. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 32 of this Complaint and incorporate them herein as if separately re-pleaded.

34. At all times relevant to this complaint, California Civil Code § 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

35. California Civil Code § 52 provides that the discrimination by Defendant against Plaintiff on the basis of disability constitutes a violation of the general anti-discrimination provisions of §§ 51 and 52.

36. Defendant's discrimination constitutes a separate and distinct violation of California Civil Code § 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person

1  denied the rights provided in Section 51, 51.5, or 51.6.

2  37.  Any violation of the Americans with Disabilities Act of 1990 (as pleaded in the Third Cause of Action) also constitutes a violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code § 52.  Per Civil Code § 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

38.  The actions and omissions of Defendant as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§ 51 and 52.  As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code §§ 51 and 52, and are responsible for statutory and compensatory damages to Plaintiff, according to proof.

39.  **FEES AND COSTS:**  As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code §§ 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

WHEREFORE, Plaintiff requests relief as outlined below.

//

//

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**THIRD CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC
FACILITIESIN A PUBLIC ACCOMMODATION
(Civil Code §§ 54 *et seq.*)**

40. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 39, above, and incorporates them herein by reference as if separately repled hereafter.

41. Plaintiff and other similarly situated physically disabled persons are unable to use public facilities on a "full and equal" basis unless each such facility's policies are in compliance with the provisions of California Civil Codes section 51, 52, 54, 54.1, 54.3 and 55. Plaintiff is a member of that portion of the public whose rights are protected against discrimination by California Civil Code §§ 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a). Any violation of the ADA, including but not limited to any violation of sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act, by Civil Code sections 54(c), 54.1(d), and the Unruh Civil Rights Act, Civil Code section 51(f), as specified in the Second Cause of Action above.

> 42 USC section 12182(a) sets forth Title III's general rule prohibiting public accommodations from discriminating against individuals because of their disability. The question whether petition has violated that rule depends on a proper construction of the term "discrimination," which is defined by Title III to include:
>
> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities,

> privileges, advantages, or accommodations to individuals with disabilities, *unless the entity can demonstrate that making such modifications would fundamentally alter the nature* of such goods, services, facilities, privileges, advantages, or accommodations.
> § 12182(b)(2)(A)(ii)(emphasis added).

*PGA Tour, Inc. v. Martins*, 532 U.S. 661, 681-682 (2001).

42. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant as complained of herein, including policy discrimination, which are continuing on a day-to-day basis, and which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen. Defendant continues to discriminate against disabled persons on the sole basis that they are persons with physical disabilities who require reasonable modifications of policies and practices, and may need reasonable assistance to use the services of the facilities.

43. Plaintiff is deterred from returning to use these facilities, because the lack of policy access will foreseeably cause him further difficulty, discomfort and embarrassment. Plaintiff is unable, so long as such acts and omissions of Defendant continues, to achieve equal access to and use of these public facilities. Therefore, Plaintiff cannot return to patronize the Dealership and its facilities and are deterred from further patronage until these policy barriers are removed and the policies are made properly accessible for disabled persons. Plaintiff plans to return to the Chevrolet of Puente Hills once Defendant's discriminatory policies have been changed and legally required access has been provided.

44. The acts of Defendant has proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks

1  injunctive relief as to all inaccessible policies of the premises. Plaintiff seeks
2  preliminary and permanent injunctive relief from Defendant who currently owns
3  and operates the Chevrolet of Puente Hills to enjoin and eliminate the
4  discriminatory practices and barriers that deny full and equal access for disabled
5  persons, and for reasonable statutory attorney fees, litigation expenses and costs.

6        45.    Wherefore Plaintiff asks this Court to preliminarily and permanently
7  enjoin any continuing refusal by Defendant to grant full and equal access to
8  Plaintiff in the ways complained of and to require Defendant to comply forthwith
9  with the applicable statutory requirements relating to access for disabled persons.
10 Such injunctive relief is provided by California Civil Code section 55, and other
11 laws.  Plaintiff further request that the Court award damages pursuant to Civil Code
12 section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant
13 to Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and
14 other law, all as hereinafter prayed for.

15       46.    **DAMAGES:** As a result of the denial of full and equal access to the
16 described facilities and due to the acts and omissions of Defendant in owning,
17 operating, leasing, constructing, altering, and maintaining the subject facility,
18 Plaintiff has suffered a violation of his civil rights, including but not limited to
19 rights under Civil Code §§ 54 and 54.1, and suffered difficulty, discomfort and
20 embarrassment, and physical, mental and emotional injuries, all to Plaintiff's
21 damages per Civil Code § 54.3, including general and statutory damages, as
22 hereinafter stated.  Defendant's actions and omissions to act constitute
23 discrimination against Plaintiff on the basis that Plaintiff was and is physically
24 disabled and the fact that he is unable, because of the policy barriers created and/or
25 maintained by the Defendant in violation of these subject laws, to use the public
26 facilities on a full and equal basis as other persons.  The policy violations have
27 deterred Plaintiff from returning to attempt to patronize the Chevrolet of Puente
28 Hills and will continue to cause him damages so long as these policies barriers

16
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 continue.

2     47.    **FEES AND COSTS:** As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code §§ 52, 54.3 and 55. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

    WHEREFORE, Plaintiff prays for damages, injunctive relief, and an award of attorney's fees and costs as hereinafter stated.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

    WHEREFORE, Plaintiff ROBERT STILL prays for judgment and the following specific relief against Defendant:

    1.    Issue a preliminary and permanent injunction directing Defendant as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described policies to provide full and equal access to

17

1 all persons, including persons with physical disabilities; and issue a preliminary and
2 permanent injunction pursuant to ADA § 12188(a) and state law directing
3 Defendant to provide facilities usable by Plaintiff and similarly situated persons
4 with disabilities, and which provide full and equal access, as required by law, and to
5 maintain such accessible facilities once they are provided; to cease its
6 discriminatory policies, including denying access to facilities to disabled
7 individuals; and to train Defendant's owners, managers, employees and agents in
8 how to properly treat disabled persons and accommodate their rights and needs,
9 including but not limited to by providing access to the upper lot at Defendant's
10 premises by shuttle, golf cart or other means;

11     2. Retain jurisdiction over the Defendant until such time as the Court is
12 satisfied that Defendant's unlawful policies, practices, acts and omissions as
13 complained of herein no longer occur, and cannot recur;

14     3. Award to Plaintiff all appropriate damages, including but not limited to
15 statutory damages and general damages in amounts within the jurisdiction of the
16 Court, all according to proof;

17     4. Award to Plaintiff all reasonable statutory attorney fees, litigation
18 expenses, and costs of this proceeding as provided by law;

19     5. Award prejudgment interest pursuant to Civil Code § 3291; and

20     6. Grant such other and further relief as this Court may deem just and
21 proper.

22 Date: September 25, 2024                          REIN & CLEFTON

24                                          */s/ Aaron Clefton*
25                                       By AARON CLEFTON, Esq.
                                      Attorneys for Plaintiff
26                                       ROBERT STILL
27 //
28

18

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: September 25, 2024                    REIN & CLEFTON

                                            */s/ Aaron Clefton*
                                            By AARON CLEFTON, Esq.
                                            Attorneys for Plaintiff
                                            ROBERT STILL

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES